IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Sony BMG Music Entertainment, et al., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 2:07-cv-00058 |
| vs. | § | |
| | § | |
| RITA SAMANIEGO, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and this court's order, the parties submit the following joint discovery/case management plan:

1.    **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

The Rule 26(f) conference was held by telephone on April 23, 2007.  Lisa Honey of Gardere Wynne Sewell LLP in Dallas, Texas, participated as counsel for the plaintiffs.  Mike Villarreal of Gunn & Lee, P.C. participated as counsel for defendant.

2.    **List the related cases to this one that are pending in any state or federal court, with the case number and court.**

No related cases.  This case is one of several similar copyright infringement cases pending in this district filed by these and other record companies.

3.    **Briefly describe what this case is about.**

Plaintiffs seek redress for the defendant's infringement of the Plaintiffs' copyright in sound recordings, pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (West 1996 & Supp. 2004). Plaintiffs are recording companies which own or control exclusive rights to copyrights in sound

recordings.  Plaintiffs allege that the defendant infringed (1) their exclusive right to copy certain of their copyrighted sound recordings, by using an online media distribution system to download the copyrighted sound recordings through the Internet to defendant's computer hard drive; and (2) their exclusive right to distribute the copyrighted sound recordings, by using an online media distribution system to make them available for copying by the general public.  Plaintiffs seek remedies provided for by the Copyright Act, including an injunction prohibiting further infringement of copyright in the plaintiffs' copyrighted sound recordings; an award of statutory damages for each act of infringement; and costs, including reasonable attorney's fees.  See 17 U.S.C.A. §§ 502, 504, 505.

Defendant Rita Cuellar is a mother of two who makes a modest income as a state employee. She lives paycheck to paycheck and has very minimal computer skills.  She was recently married, and cares for her two children, ages 8 and 15, and her stepson, age 16.  Ms. Cuellar does not even know how to use a computer to download music.  Plaintiffs sued Ms. Cuellar accusing her of illegally downloading music in violation of Plaintiffs alleged copyrights therein.  Ms. Cuellar filed counterclaims for, inter alia, a declaratory judgment of non-infringement.  As there is no liability on Ms. Cuellar's part in this action, Ms. Cuellar is requesting her attorney's fees as authorized under the Copyright Act, 17 U.S.C. § 505, for prevailing parties in defending against this wrongful accusation.

4.    **Specify the allegation of federal jurisdiction.**

Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1338.

5.    **Name the parties who disagree and the reasons.**

No disagreement.

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.  Plaintiffs may add additional defendants should discovery reveal that others in the defendant's residence used the defendant's computer to download and distribute the

2

copyrighted sound recordings at issue.  Plaintiffs anticipate that any such amendments will be completed by July 31, 2007.

7.      List anticipated interventions.

None at this time.

8.      Describe class-action issues.

None.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

Defendants served initial disclosures on April 20, 2007.  Plaintiffs served initial disclosures April 23, 2007.

10.     Describe the proposed agreed discovery plan, including:

A.      Responses to all the matters raised in Rule 26(f).

Discovery will occur pursuant to the parties' discovery plan and will be limited to the issues raised in the parties' pleadings.  The parties do not propose other limitations on discovery.  At this time, the parties do not anticipate requiring relief under Rules 16(b) and (c) and 26(c).  However, should the circumstances arise where a protective order is deemed necessary by either plaintiffs or defendant, the parties agree to work towards agreeing on a protective order that is satisfactory to all parties.

B.      When and to whom the plaintiffs may send interrogatories.

The plaintiffs will serve at least one and possibly two sets of interrogatories to the defendant.

C.      When and to whom the defendant may send interrogatories.

The defendant will serve at least one and possibly two sets of interrogatories to the plaintiffs.

D.      Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate taking the oral deposition of the defendant and of any other necessary persons who may be identified in discovery, prior to November 26, 2007.

E.   **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of the plaintiffs and of any other necessary persons who may be identified in discovery, prior to November 26, 2007.

F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

If necessary, the plaintiffs anticipate designating experts and providing expert reports by August 22, 2007.   Defendant will designate experts and provide expert reports by 20 days by September 11, 2007.

G.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking, and their anticipated completion date.   See Rule 26(a)(2)(B) (expert report).**

If necessary, the plaintiffs anticipate taking the deposition of the defendant's expert(s), if any, before the proposed discovery deadline of November 26, 2007.

H.   **List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

If necessary, the defendant anticipates taking the deposition of the plaintiffs' expert(s), if any, before the proposed discovery deadline of November 26, 2007.

11.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties have agreed on the above discovery plan.

12.   **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13.   **State the date the planned discovery can reasonably be completed.**

November 26, 2007.

4

14.   Describe the possibilities for a prompt settlement or resolution of case that were discussed in your Rule 26(f) meeting.

The parties have had initial settlement discussions and continue to discuss settlement. The parties have exchanged initial settlement offers but no agreement has been reached. The parties are hopeful that a settlement agreement will be reached in the near future.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

When the lawsuit was served, the plaintiffs served the defendant with a written notice that explained the purpose of the lawsuit and provided a telephone number the defendant or her counsel could call to discuss settlement. Defense counsel has spoken to plaintiffs' national counsel in an effort to resolve this matter.

16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Nearly all of these cases settle without alternative dispute resolution. The issues are simple, and if the case does not settle after the initial discovery is answered, the plaintiffs believe that the alternative dispute resolution will not significantly aid in settlement discussions. Ms. Cuellar believes that if the settlement attempts between the parties on their own fail, mediation would be suitable after a reasonable amount of discovery is completed in this case.

17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to a trial before a magistrate judge.

18.   State whether a jury demand has been made and if it was made on time.

A jury demand has been timely made.

19.   Specify the number of hours it will take to present the evidence in this case.

Plaintiffs will need eight hours to present their evidence. Defendant will need two to three days to present her evidence. The parties may amend their answer to this request after a reasonable amount of discovery in this case.

20.   **List pending motions that could be ruled on at initial pretrial and scheduling conference.**

Plaintiffs' Motion to dismiss counterclaims which was filed April 9, 2007.

21.   **List other motions pending.**

None.

22.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties anticipate that they will move for summary judgment by January 31, 2008. However, as indicated above, Ms. Cuellar makes a modest living and is charged with maintaining her household, including rearing of three children. This action against Ms. Cuellar has placed an immense burden, financially and emotionally, upon Ms. Cuellar in order to clear her name.

23.   **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiffs filed their original disclosure with the original complaint on February 6, 2007.

Defendant filed her original disclosure on March 19, 2007.

24.   **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

See below.

Respectfully submitted,

Stacy R. Obenhaus
Texas Bar No. 15161570
Attorney-In-Charge
S.D. Texas No. 11260
Lisa L. Honey
Texas Bar No. 24048550
S.D. Texas No. 620461
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Tel: 214-999-3000
Fax: 214-999-4667

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

Geoffrey H. Bracken
State Bar No. 02809750
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
713-276-5555

Ted D. Lee
Texas Bar No. 12137700
Attorney-In-Charge
S.D. Texas No. 11221
Miguel Villarreal, Jr.
Texas Bar No. 24042095
S.D. Texas No. 566669
Gunn & Lee PC
700 N St Mary's Street, Ste 1500
San Antonio, TX 78205
Tel: 210-886-9500
Fax: 210-886-9883
tlee@gunn-lee.com
mvillarreal@gunn-lee.com

ATTORNEYS FOR DEFENDANT

7