IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, et al. | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. CA-C-07-58 |
| v. | § § | |
| RITA CUELLAR, Defendant. | § § § | JURY TRIAL DEMANDED |

## JOINT SUBMISSION OF REVISED DISCOVERY PLAN IN RESPONSE TO COURT'S ORDER OF MAY 3, 2007

Defendant Rita Cuellar and Plaintiffs respectfully submit a revised Joint Discovery Plan as ordered by the Court at the Initial Pretrial and Scheduling Conference, held on May 3, 2007. The Court noted that the timetables of the previously submitted "Joint Discovery/Case Management Plan"[1] were vague as to when discovery was to take place as well as what types of discovery devices were going to be used. The Court ordered the parties to revise their discovery plan to include only the absolute minimum bare bones essential amount of discovery that needs to take place.

The parties have conferred and agreed to the revised discovery plan attached hereto as Exhibit A. It is respectfully requested that the attached revised discovery plan be entered by the Court.

---

[1] Filed April 23, 2006.

Date:   May 14, 2007

Respectfully submitted,

Stacy R. Obenhaus
State Bar No. 15161570
S.D. Texas No. 620461
Lisa L. Honey
State Bar No. 24048550
S.D. Texas No. 620461
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
214.999.3000
214.999.4667 Fax
Sobenhaus@gardere.com
lhoney@gardere.com

OF COUNSEL:

Geoffrey H. Bracken
State Bar No. 02809750
1000 Louisiana, Suite 3400
Houston, TX 77002-5007
713.276.5555

ATTORNEYS FOR PLAINTIFFS

Ted D. Lee
State Bar No. 12137700
S.D. Texas No. 11221
Miguel Villarreal, Jr.
State Bar No. 24042095
S.D. Texas No. 566669
Gunn & Lee, P.C.
700 N. St. Mary's Street, Suite 1500
San Antonio, TX 78205
210.886.9500
210.886.9883 Fax
tlee@gunn-lee.com
mvillarreal@gunn-lee.com

ATTORNEYS FOR DEFENDANT

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, | § | |
| et al. | § | |
| Plaintiffs, | § | CIVIL ACTION NO. CA-C-07-58 |
| | § | |
| v. | § | |
| | § | |
| RITA CUELLAR, | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## REVISED JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to Rule 26 of the Federal Rules of Procedure and the Court's Order of May 3, 2007, the parties respectfully submit the following revised joint discovery/case management plan:

**1. State when the conference of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

The initial Rule 26(f) conference was held by telephone on April 23, 2007. Lisa Honey of Gardere Wynne Sewell LLP in Dallas, Texas, participated as counsel for the plaintiffs. Mike Villarreal of Gunn & Lee, P.C. was present for defendant.

Per the Court's Order of May 3, 2007, the parties again conferred by telephone on May 14, 2007 to discuss ways to minimize expenses for the parties and provide for the most efficient manner to either resolve this matter or proceed to trial on the merits as soon as reasonably possible. Andrew Mohraz participated for plaintiffs. Mike Villarreal participated for defendant.

**2. List the cases related to this one that are pending in any state or federal court, with the case number and court.**

1

No related cases.  This case is one of several similar copyright infringement cases pending in district filed by and other record companies.

**3.**   **<u>Briefly</u> describe what this case is about.**

Plaintiffs seek redress for the Defendant's infringement of the Plaintiffs' copyright in sound recordings, pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (West 1996 & Supp. 2004).  Plaintiffs are recording companies which own or control exclusive rights to copyrights in sound recordings.  Plaintiffs allege that the Defendant infringed (1) their exclusive right to copy certain of their copyrighted sound recordings, by using an online media distribution system to download the copyrighted sound recordings through the Internet to Defendant's computer hard drive; and (2) their exclusive right to distribute the copyrighted sound recordings, by using an online media distribution system to make them available for copying by the general public.  Plaintiffs seek remedies provided by the Copyright Act, including an injunction prohibiting further infringement of copyrights in the Plaintiffs' copyrighted sound recordings; an award of statutory damages for each act of infringement; and costs, including reasonable attorney's fees. See 17 U.S.C. §§ 502, 504, 505.

Rita Cuellar is a mother of two who makes a modest income as a state employee. She lives paycheck to paycheck and has very minimal computer skills.  She was recently married, and cares for her two children, ages 8 and 15, and her stepson, age 17.  Ms. Cuellar does not even know how to use a computer to download music.  Plaintiffs sued Ms. Cuellar accusing her of illegally downloading music in violation of Plaintiffs' alleged copyrights therein.  Ms. Cuellar filed counterclaims for, *inter alia*, a declaratory judgment of non-infringement.  As there is no liability on Ms. Cuellar's part in this

2

action, Ms. Cuellar is requesting her attorney's fees as authorized under the Copyright Act for prevailing parties in defending against this wrongful accusation.

On April 9, 2007, Plaintiffs filed a motion to dismiss defendant's counterclaims. On April 30, 2007, Ms. Cuellar filed her response indicating that she did not oppose Plaintiffs' motion but maintained her claim for attorneys' fees as a prevailing party. On May 3, 2007, the Court granted Plaintiffs' motion.

**4.     Specify the allegation of federal jurisdiction.**

Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1338.

**5.     Name the parties who disagree and the reasons.**

No disagreement.

**6.     List the anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.   Plaintiffs may add additional defendants should discovery reveal that others in the defendant's residence used the defendant's computer to download and distribute the copyrighted sound recordings at issue. The parties agree that the deadline for joinder of parties and for amendment of pleadings will be June 29, 2007.

**7.     List anticipated interventions.**

None at this time.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosure.**

3

Defendant served her initial disclosures to Plaintiffs on April 20, 2007. Plaintiffs served initial disclosures on April 23, 2007.

**10.      Describe the proposed agreed discovery plan, including:**

      **A. Responses to all the matters raised in Rule 26(f).**

Discovery will occur pursuant to the parties' discovery plan and will be limited to the issues raised in the parties' pleadings. Given the financial and economic circumstances of the parties, the parties intend to proceed with discovery in an expeditious and least costly manner as reasonably possible and use only such discovery tools as is necessary to either resolve this matter or to proceed to trial on the merits. Should the circumstances arise where a protective order is deemed necessary by either party, the parties will submit a mutually agreeable protective order for the Court's approval in order to protect any confidential information.

      **B. When and to whom the plaintiffs may send interrogatories.**

During the Initial Pretrial and Scheduling Conference held on May 3, 2007, the Court suggested that in order to expedite discovery and minimize expenses to the parties, Plaintiffs serve Ms. Cuellar (and, if applicable, her two oldest children) with a letter which would contain questions that Plaintiffs would otherwise ask in a request for interrogatories. The Court further suggested that Ms. Cuellar (and, if applicable, her two oldest children) provide the answers to these questions in affidavit form.

The parties accept this suggestion and respectfully inform the Court that Plaintiffs will serve Ms. Cuellar (and, if applicable, her two oldest children) with a letter containing no more than 25 questions no later than 10 days from the filing of this Revised Discovery

Plan. Ms. Cuellar (and, if applicable, her two oldest children) will provide answers to these questions in affidavit form to Plaintiffs 10 days from receipt of Plaintiffs' letter.

### C. When and to whom the defendant may send interrogatories.

Similarly, Ms. Cuellar will serve Plaintiffs a letter with her questions in similar fashion as indicated above within 10 days of the filing of this Revised Discovery Plan. Plaintiffs will provide answers to those questions in affidavit form to Defendant 10 days from receipt of Ms. Cuellar's letter.

### D. Inspection of tangible things.

Ms. Cuellar shall make the computer hard drive used in her household to connect to the Internet on April 10, 2005 available for imaging and inspection by Plaintiffs on or before May 25, 2007 at the law offices of Gunn & Lee, P.C., in San Antonio, Texas. However, imaging and inspection shall only be made after a suitable protective order has been entered by the Court. A neutral expert in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image copies) of the computer hard drive and shall create an MD5 or equivalent hash code to ensure that Defendant's original hard drive is not altered and to ensure that the copy of Defendant's hard drive is an exact duplicate of Defendant's original hard drive. All costs associated with making an image of Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for Defendant at Defendant's expense.

Plaintiffs will make available to Defendant any nonprivileged reports, documents, memoranda, and/or notes used by Plaintiffs and/or their third party investigator, i.e., MediaSentry, in their investigation of any alleged infringement by Ms. Cuellar for

copying and inspection by Defendant on or before May 25, 2007 at the law offices of Gunn & Lee, P.C., in San Antonio, Texas.

**E.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs will take the oral deposition of Ms. Cuellar (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) within 45 days from receipt of Ms. Cuellar's (and, if applicable, other individuals who may have information relevant to the parties' claims and defenses) responses to Plaintiffs' questions.  Without leave of Court, Ms. Cuellar's deposition will be limited to four (4) hours.  Without leave of Court, depositions of other individuals who may have information relevant to the parties' claims and defenses, if taken, will be limited to two and one half (2.5) hours each.  However, if Plaintiffs intend to depose Ms. Cuellar's two oldest children, Plaintiffs propose such depositions will be limited to two (2) hours each.  Defendant proposes that such depositions will be limited to one (1) hour each.  The parties agree that Ms. Cuellar's 8 year old child will not be deposed.

**F.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendant will take the oral deposition of a single corporate representative of Plaintiffs' designation.  Defendant will also take the oral deposition of a corporate representative of Plaintiffs' third-party investigator (*i.e.*, MediaSentry).  These depositions will be taken within 45 days from receipt of Plaintiffs' responses to Ms. Cuellar's questions and will be limited to four (4) hours each.

**G.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26 (a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

6

If necessary, the Plaintiffs anticipate designating experts and providing all expert reports by June 29, 2007.  Defendant will designate experts and provide expert reports by 20 days by July 13, 2007.

> **H.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

If necessary, Plaintiffs anticipate taking the deposition of the Defendant's expert(s), if any, by August 13, 2007.

> **I.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

If necessary, Defendant anticipates taking the deposition of the plaintiffs' expert(s), if any, before the proposed discovery deadline of August 13, 2007.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are agreed on the discovery plan.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery beyond initial disclosures has been undertaken to date.

**13.  State the date the planned discovery can reasonably be completed.**

August 13, 2007.

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) conference.**

The parties have had initial settlement discussions and continue to discuss settlement.  The parties have exchanged initial settlement offers but no agreement has been reached.

7

The parties last discussed the possibility of resolving this case during the May 3, 2007 Initial Pretrial and Scheduling Conference. No agreement has been reached. The parties are hopeful that a settlement agreement will be reached in the near future.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

When the lawsuit was served, the Plaintiffs served the Defendant with written notice that explained the purpose of the lawsuit and provided a telephone number the Defendant or her counsel could call to discuss settlement.

Prior to filing her answer, Ms. Cuellar attempted to resolve this action by speaking with Plaintiffs' settlement representatives. Such attempts were unsuccessful. After Ms. Cuellar filed her answer, defense counsel again spoke to Plaintiffs' national counsel in an effort to resolve this matter. No agreement could be reached.

**16.     From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Nearly all of these cases settle without alternative dispute resolution. The issues are simple, and if the case does not settle after the initial discovery is answered, Plaintiffs believe that the alternative dispute resolution will not significantly aid in settlement discussions. Ms. Cuellar believes that if the settlement attempts between the parties on their own fails, after a reasonable amount of discovery is completed in this case, this case should proceed in an expeditious manner toward trial on the merits.

**17.     Magistrate judge may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a magistrate judge.

**18.     State whether a jury demand has been made and if it was made on time.**

A jury demand has been timely made.

19. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiffs will need 1-2 days to present their evidence. Defendant will need one day to present her evidence. The parties may amend their answer to this request after a reasonable amount of discovery in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

21. **List other pending motions.**

None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

The parties anticipate that they will move for summary judgment by August 27, 2007. However, as indicated above, Ms. Cuellar makes a modest living and is charged with maintaining her household, including rearing three children. This action against Ms. Cuellar has placed an immense burden, financially and emotionally, upon Ms. Cuellar in order to clear her name.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the dated of filing for original and any amendments.**

Plaintiffs filed their original disclosure with the original complaint on February 6, 2007. Defendant filed her original disclosure on March 19, 2007.

24. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail address of all counsel and pro se parties.**

See below.

9

Date:   May 14, 2007

Respectfully submitted,

Stacy R. Obenhaus
State Bar No. 15161570
S.D. Texas No. 620461
Lisa L. Honey
State Bar No. 24048550
S.D. Texas No. 620461
Gardere Wynne Sewell LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201-4761
214.999.3000
214.999.4667 Fax
Sobenhaus@gardere.com
lhoney@gardere.com

OF COUNSEL:

Geoffrey H. Bracken
State Bar No. 02809750
1000 Louisiana, Suite 3400
Houston, TX 77002-5007
713.276.5555

ATTORNEYS FOR PLAINTIFFS

Ted D. Lee
State Bar No. 12137700
S.D. Texas No. 11221
Miguel Villarreal, Jr.
State Bar No. 24042095
S.D. Texas No. 566669
Gunn & Lee, P.C.
700 N. St. Mary's Street, Suite 1500
San Antonio, TX 78205
210.886.9500
210.886.9883 Fax
tlee@gunn-lee.com
mvillarreal@gunn-lee.com

ATTORNEYS FOR DEFENDANT

10